## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

STATE OF MISSOURI, et al.,

*Plaintiffs-Appellants-Cross-Appellees*,

v.

JOSEPH R. BIDEN, JR., in his official capacity as the President of the United States of America, et al.,

*Defendants-Appellees-Cross-Appellants.*

On Appeal from the United States District Court
for the Eastern District of Missouri
The Honorable District Court Judge John A. Ross
Case No. 4:24-cv-520-JAR

## RESONSE TO MOTION FOR CLARIFICATION

ANDREW BAILEY
  *Attorney General of Missouri*
JOSHUA M. DIVINE
  *Solicitor General*
REED C. DEMPSEY
  *Deputy Solicitor General*
SAMUEL FREEDLUND
  *Deputy Solicitor General*
ATTORNEY GENERAL'S OFFICE
Post Office Box 899
Jefferson City, MO 65102
(573) 751-1800
josh.divine@ago.mo.gov

Defendants ask for two things: (1) clarification that the injunction does not prohibit forgiveness under the Public Service Loan Forgiveness or Income-Based Repayment programs, and (2) clarification that the injunction runs only to the aspects of the Final Rule that concern the SAVE/REPAYE plan, not the two other Income-Contingent Repayment plans (ICR and PAYE). The States are fine with the first request, but not the second.

**1.** While the States do not oppose the first request, clarification is unnecessary. As Defendants acknowledge throughout their motion, this Court's opinion plus the briefings provide clarifying context to this Court's order. *Cf., e.g.*, *Garrido v. Dudek*, 731 F.3d 1152, 1159 (11th Cir. 2012) ("Although the parties to an injunction must be able to ascertain from the four corners of the order precisely what acts are forbidden, that rule does not preclude an examination of context."). Because the States have not challenged IBR or PSLF forgiveness in this litigation, the context makes clear that the Court's injunction does not extend to those programs.

Nonetheless, clarification on this issue would be harmless, so the States have no objection to a statement by this Court that the injunction

1

does not extend to loan forgiveness offered under statutory authorities *other* than ICR (such as IBR or PSLF).

**2.** The States, however, oppose the attempt by Defendants to implement parts of the Final Rule pertaining to ICR forgiveness. While Defendants concede that this Court's injunction runs to those parts of the Final Rule that pertain to the SAVE/REPAYE plan, they seek permission to implement provisions that pertain to the ICR and PAYE plans. The Court should reject that request because those provisions increase forgiveness and thus harm the States.

As Defendants admit (at 2–3), the original ICR plans no longer exist; they have been superseded with amendments, and the Final Rule now "governs all [three] ICR" plans. The Final Rule includes provisions for *all* previous ICR plans in ways that harm the States.

Three examples suffice. First, as the Court has already concluded, the forgiveness provisions and payment provisions for REPAYE/SAVE harm the States. Second, Defendants mention (at 2) the change the Final Rule makes to "family size" calculations for all three ICR plans. As Defendants elsewhere acknowledge, this change means certain borrowers "will no longer be required to include their spouse's income in

2

their payment calculation." Department of Education, *Fact Sheet: How the New SAVE Plan Will Transform Loan Repayment and Protect Borrowers* at 1 (June 30, 2023).* In other words, the Final Rule enables borrowers to shelter more income and pay less under ICR and PAYE, leading to more forgiveness than could have occurred before those plans were amended by the Final Rule. Third, Defendants note (at 3) that the Final Rule "credit[s] periods of deferment" toward forgiveness that were not credited under the ICR and PAYE plans before they were amended. This includes deferment for periods of bankruptcy and unemployment. 88 Fed. Reg. 43,853, –903. In other words, by crediting periods of bankruptcy and unemployment toward the forgiveness timeline, the Final Rule ensures that borrowers under ICR and PAYE can obtain forgiveness years faster than they could before the Final Rule.

In short, while the Final Rule's changes to the SAVE/REPAYE plan are most stark, the Rule includes provisions for all previous ICR plans (ICR, PAYE, and REPAYE) in ways that accelerate or increase forgiveness and thus harm the States. That is why the States challenged

---

* https://www2.ed.gov/policy/highered/reg/hearulemaking/2021/idrfactsheetfinal.pdf

Appellate Case: 24-2332     Page: 4     Date Filed: 08/13/2024 Entry ID: 5423967

*all* parts of the Final Rule that rely on purported ICR forgiveness authority. *See also* 88 Fed. Reg. 43,902–03 (listing multiple ICR forgiveness provisions).

The attempt by Defendants (at 5 n.3) to contend that the States challenged *only one* forgiveness provision in the Final Rule—10-to-19 year forgiveness under the SAVE plan—is demonstrably incorrect. The States' complaint expressly challenges the "Final Rule" in its entirety with respect to ICR forgiveness—*i.e.*, all provisions in the Rule that rely on purported ICR forgiveness authority. R. Doc. 1, at 43, 45 (App.43, 45). The briefing confirms this. In responding to the motion to dismiss, the States reiterated that they "challenge Defendants' decision to unlawfully subsidize interest and challenge the ability of Defendants to use ICR authority to engage in *any* forgiveness." R. Doc. 26, at 61 (App.365) (emphasis in original) (internal citation omitted); *see also* R. Doc. 10, at 33 (App.198) (ICR "does not even include clear authority to forgive *any* student loans at all" (emphasis added)).

The attempt now by Defendants to continue using ICR authority to forgive loans is particularly unavailing in light of Defendants' decision here not to contest the district court's holding that "Congress has made

4

it clear under what circumstances loan forgiveness is permitted, and the ICR plan is not one of those circumstances." R. Doc. 35, at 44 (App.438). Defendants should not continue forgiving loans under a statute that the district court already declared includes no authority to forgive.

## CONCLUSION

Even if this Court permits Defendants to continue implementing the *old* ICR and PAYE plans, this Court should at the very least continue prohibiting Defendants from implementing changes the Final Rule made to those plans. Those changes create more forgiveness, thus harming the States. The States do not oppose Defendants' motion with respect to PSLF and IBR authority.

Appellate Case: 24-2332    Page: 6    Date Filed: 08/13/2024 Entry ID: 5423967

Dated: August 13, 2024

Respectfully submitted,

*/s/ Joshua M. Divine*
Joshua M. Divine

TIM GRIFFIN
  *Attorney General of Arkansas*
NICHOLAS J. BRONNI
  *Solicitor General*
DYLAN L. JACOBS
  *Deputy Solicitor General*
Office of the Arkansas Attorney
General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-3661
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

ASHLEY MOODY
  *Attorney General of Florida*
JAMES H. PERCIVAL
  *Chief of Staff*
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
james.percival@myfloridalegal.com

DREW H. WRIGLEY
  *Attorney General of North Dakota*
PHILIP AXT
  *Solicitor General*
Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
(701) 328-2210
pjaxt@nd.gov

ANDREW BAILEY
  *Attorney General of Missouri*
JOSHUA M. DIVINE, #69875MO
  *Solicitor General*
REED C. DEMPSEY #1697941DC
  *Deputy Solicitor General*
SAMUEL FREEDLUND, #73707MO
  *Deputy Solicitor General*
MISSOURI ATTORNEY GENERAL'S
OFFICE
Post Office Box 899
Jefferson City, MO 65102
(573) 751-1800
josh.divine@ago.mo.gov
reed.dempsey@ago.mo.gov
samuel.freeland@ago.mo.gov

CHRISTOPHER M. CARR
  *Attorney General of Georgia*
STEPHEN J. PETRANY
  *Solicitor General*
Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

6

DAVE YOST
   *Attorney General of Ohio*
T. ELLIOT GAISER
   *Solicitor General*
MATHURA J. SRIDHARAN
   *Deputy Solicitor General*
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
thomas.gaiser@ohioago.gov

GENTNER DRUMMOND
   *Attorney General*
GARRY M. GASKINS, II
   *Solicitor General*
Office of the Attorney General
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
gentner.drummond@oag.ok.gov
garry.gaskins@oag.ok.gov

7

# CERTIFICATE OF COMPLIANCE

This filing complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(C) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 876 words as determined by the word-counting feature of Microsoft Word 2016.

This filing also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word 2016 in 14-point proportionally spaced Century Schoolbook font.

And this filing complies with the electronic-filing requirements of Local Rule 28A(h)(2) because it was scanned for viruses using Windows Defender and no virus was detected.

*/s/ Joshua M. Divine*
Joshua M. Divine

## CERTIFICATE OF SERVICE

I certify that on August 13, 2024, I electronically filed the foregoing motion with the Clerk of the Court by using the CM/ECF system, and that the CM/ECF system will accomplish service on all parties represented by counsel who are registered CM/ECF users. *See* Fed. R. App. P. 25(c)(2).

*/s/ Joshua M. Divine*
Joshua M. Divine
