# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

STATE OF MISSOURI, et al.,
 *Plaintiffs-Appellees / Cross-Appellants,*

v.

JOSEPH R. BIDEN, JR., et al.,
 *Defendants-Appellants / Cross-Appellees.*

Nos. 24-2332, 24-2351

**REPLY IN SUPPORT OF EMERGENCY MOTION FOR CLARIFICATION**

 Defendants-cross-appellees (collectively, the Department) respectfully submit this reply in support of the motion for clarification of the scope of the injunction pending appeal issued by this Court. The motion requests that the Court clarify that it did not intend to enjoin either (1) loan forgiveness offered under statutory authorities other than income contingent repayment (ICR), such as income-based repayment (IBR) or the Public Service Loan Forgiveness Program (PLSF); or (2) loan forgiveness offered to borrowers enrolled in previously existing ICR plans (*i.e.*, the original ICR plan or PAYE) on timelines established as part of those plans. Mot. 5.

Plaintiffs do not oppose a clarification that the injunction "does not extend to loan forgiveness offered under statutory authorities *other* than ICR (such as IBR or PSLF)." Resp. 1-2. Accordingly, the Court should make clear that the Department may offer loan forgiveness to borrowers whose loans are governed in whole or in part by the Final Rule under the Department's separate, non-ICR forgiveness authorities.

The Court should also grant the second clarification and specify that the injunction does not prohibit loan forgiveness for borrowers enrolled in the original ICR plan or PAYE on the timelines established in those plans. In assessing the balance of the equities, the Court indicated that it did not view the injunction as affecting "borrowers who have remained in PAYE." Op. 9.[1] That observation makes sense in light of the relief sought in this suit, as the Final Rule challenged here is not the basis for loan forgiveness under the timelines established in the original ICR plan or the PAYE plan. The Department promulgated the regulations prescribing the conditions for loan

---

[1] As noted in our motion (at 5 n.3), the Court's opinion also referred to borrowers who have remained in REPAYE. The Department understands that sentence as referring to borrowers on ICR plans that do not include the features of the Final Rule specifically challenged by plaintiffs, which would also include the original ICR plan.

forgiveness under those plans decades ago. *See* 59 Fed. Reg. 61,664, 61,666 (Dec. 1, 1994); 77 Fed. Reg. 66,088, 66,114 (Nov. 1, 2012).

Plaintiffs' principal response is that "the original ICR plans no longer exist." Resp. 2. That is not correct. Millions of borrowers who were already enrolled in those plans remain on them today. *See* 88 Fed. Reg. 43,820, 43,837 (July 10, 2023) ("Any borrower on PAYE or [the original ICR plan] as of July 1, 2024 will maintain access to those plans so long as they do not switch off those plans . . . ."). The Final Rule carried forward the "relatively uncontroversial," Op. 3, terms of those plans, including their existing timelines for loan forgiveness, while making certain other modifications applicable to multiple ICR and IBR plans, *see* Mot. 3-4. Those modifications are the reason the court's injunction could be understood to apply to borrowers enrolled in the original ICR and PAYE plans. *See id.* But the Final Rule left intact those plans' timelines for loan forgiveness.

Despite plaintiffs' newfound objections to modifications such as changing how the Department credits certain deferments toward a borrower's repayment period, Resp. 3-4, [2] plaintiffs have not established any

---

[2] Contrary to plaintiffs' suggestion (Resp. 5), this Court's injunction does not "prohibit[] Defendants from implementing changes the Final Rule

*Continued on next page.*

harm arising from loan forgiveness under the original ICR or REPAYE plans. *See* R. Doc. 35, at 56 ("Plaintiffs' alleged harms are entirely focused on the Final Rule's early loan forgiveness provisions, and this is what they seek to stop."). Nor is it relevant that plaintiffs believe their legal theories could be applied to ICR plans predating the Final Rule. Resp. 4-5. Adopting plaintiffs' understanding of this Court's injunction would "extend [it] beyond the scope of the Final Rule," which is incompatible with the basic relief they sought in this suit. R. Doc. 54, at 1.

This Court should therefore confirm that its injunction does not prohibit loan forgiveness offered to borrowers enrolled in the original ICR plan and the PAYE plan on timelines established as part of those plans. The Department respectfully renews its request that the Court decide this motion by August 16 to avoid further disruption of the Federal student-loan programs and to facilitate the Supreme Court's consideration of the

---

made" to "the *old* ICR and PAYE plans." This Court's injunction does not, for example, prohibit the Department from implementing "the change the Final Rule makes to 'family size' calculations." Resp. 2. The Court's injunction enjoins three categories of actions, *see* Op. 9, and "changes the Final Rule made" to "the *old* ICR and PAYE plans" do not fall within any of those categories. This motion simply asks for clarification that the first category (*i.e.*, "any further forgiveness") encompasses only "any further forgiveness" under the REPAYE/SAVE plan and does *not* encompass any further forgiveness under the original ICR plan or the PAYE plan.

government's pending application to vacate the injunction.  *See Biden v. Missouri*, No. 24A173 (U.S.).[3]

                                       Respectfully submitted,

                                       BRIAN M. BOYNTON
                                       *Principal Deputy Assistant Attorney General*

                                       MICHAEL S. RAAB
                                       THOMAS PULHAM
                                        /s/ *Simon C. Brewer*
                                       SIMON C. BREWER
                                       SARAH N. SMITH
                                       *Attorneys*
                                       *Civil Division, Appellate Staff*
                                       *U.S. Department of Justice*
                                       *950 Pennsylvania Ave., N.W., Room 7529*
                                       *Washington, D.C. 20530*
                                       *(202) 616-5367*

AUGUST 2024

---

[3] Justice Kavanaugh has requested plaintiffs' response by August 19 at 4pm EDT.

# CERTIFICATE OF COMPLIANCE

This response to a motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 836 words. It also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Expanded BT 14-point font, a proportionally spaced typeface.

Pursuant to Circuit Rule 28A(h)(2), I further certify that the brief has been scanned for viruses, and the brief is virus free.

*/s/ Simon C. Brewer*
Simon C. Brewer

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

>/s/ *Simon C. Brewer*
>Simon C. Brewer